(121 App. Div. 178).

PEOPLE ex rel. TIGHE v. McADOO, Police Com'r.

(Supreme Court, Appellate Division, Second Department. July 23, 1907.)

1. MUNICIPAL CORPORATIONS—REMOVAL OF POLICE OFFICER—EVIDENCE—SUFFICIENCY.

In a proceeding against a police officer before the police commissioner on a charge of disobedience of orders and rules of the police department and neglect of duty, evidence examined, and *held* insufficient to sustain the determination of the commissioner finding the officer guilty.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 503.]

2. SAME—ADMISSIBILITY.

In a proceeding before the police commissioner against the relator, a police officer, on the charge of disobedience of orders and rules of the police department and neglect of duty, admissions and statements made in the private office of the commissioner in the absence of the relator were inadmissible against him, since the accused was privileged to be confronted by his accusers.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 500.]

Certiorari by the people, on the relation of Robert A. Tighe, to William McAdoo, as police commissioner of the city of New York, to review a determination of the police commissioner whereby the relator was found guilty of disobedience of orders and rules and neglect of duty. Determination annulled

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

Louis J. Grant (Jacob Rouss, on the brief), for relator.
Edward H. Wilson (James D. Bell, on the brief), for respondent.

PER CURIAM. The charges of which the relator was found guilty were neglect and disobedience of orders, neglect and disobedience of the rules of the police department numbered 5a, 29, and 45b, and neglect of duty. He was appointed a captain on May 6, 1903, and was sent to the Mercer street precinct, the Sixteenth, on February 24, 1904. There he remained, except during his vacation and several intervals of sickness, until January 6, 1905. He had been 29 years on the police force, and from several testimonials, among others those of Inspector Titus and Police Commissioner McAdoo, by whom he was highly commended for zeal and "valuable service," it appears that he had always held an enviable record.

We have scrutinized the voluminous evidence in the case at bar with great care. From the testimony of many reputable business men, fortified by the evidence of his subordinates, we can only gather that the relator, Capt. Tighe, had not only exercised unusual diligence in the suppression of places of ill repute, but that his efforts had been crowned with the esteem and the admiration of the best people of the precinct. The witnesses brought against the relator, many of whom were shown to be of doubtful character, failed utterly to prove that the relator was remiss in the performance of his duties. That the prosecution, with all its efforts, was not able to show the existence of one house of ill fame during the period of the relator's captaincy in a precinct long notorious as one of the worst in the city, says more than volumes for his vigilance and efficiency. As to the four pool rooms against which, after infinite labor, evidence was secured, the prosecution was only able to prove how difficult it was to secure such evidence. Nowhere does it appear that the relator was negligent, or that he failed in his duty, or that he consciously violated the rules.

Moreover, we think that such admissions and statements as were made in the private office of the police commissioner, in the absence of the relator, should have no bearing on the case. Surely such testimony is no legal proof of the relator's remissness, since the admission of this evidence, although improper and incompetent, would be in direct conflict with the privilege of the accused to be brought face to face with his accusers. The rulings of the deputy commissioner, and the means employed of "refreshing the memory of a hostile witness," were prejudicial to the rights of the relator. They were violative of his right to a fair and impartial trial. From People ex rel. Hogan v. French, 119 N. Y. 493, 23 N. E. 1058, it appears that the prosecution must be able to prove a "conscious and voluntary violation of the rules." This in the case before us is nowhere established.

The determination of the police commissioner should be annulled, with costs, and the fine of 30 days' pay should be remitted.