PEOPLE ex rel. TRAYER v. BINGHAM, Police Commissioner.

(Supreme Court, Appellate Division, Second Department. May 1, 1908.)

MUNICIPAL CORPORATIONS—POLICE OFFICERS—DISMISSAL—CHARGES—EVIDENCE.
    On the trial of a police officer for misconduct, evidence *held* insufficient to sustain a finding that he unlawfully represented to a ticket chopper at a subway station that he was a detective sergeant for the purpose of unlawfully procuring transportation, and that he had in his possession

a gilt shield resembling those worn by police and detective sergeants, and failed to report possession of and surrender such shield to his superior.

Certiorari by the People, on relation of Theodore P. Trayer, against Theodore A. Bingham, as police commissioner of the city of New York, to review respondent's determination dismissing relator from the police force. Determination annulled.

Argued before WOODWARD, JENKS, HOOKER, MILLER, and GAYNOR, JJ.

Jacob Rouss (Louis J. Grant, on the brief), for appellant.
James D. Bell, for respondent.

HOOKER, J. The charge on which the relator was tried was conduct unbecoming an officer. The specifications were substantially that the relator unlawfully and improperly represented to the ticket chopper at a subway railroad station that he was a detective sergeant, that he did so with the intent and sole purpose of unlawfully procuring transportation for himself as a passenger upon the subway, and that the relator had in his possession a certain gilt shield, which resembled the shield in use in the police department, and worn by sergeants of police and detective sergeants, and neglected and failed to report possession of this shield to his superior, and did not surrender it to him.

The evidence wholly fails to substantiate these specifications. Two members of the force were on duty at this station to ascertain whether badges were being improperly used. The relator, standing on the station platform, was pointed out to these officers by the ticket chopper, who was not called as a witness. He was asked to produce his badge, and he showed the shield of which he was properly in possession by reason of the fact that he was a patrolman, and by means of which he obtained access to the station platform. The officers then asked relator to produce the other badge, and he showed a gilt badge resembling those issued to sergeants of police and detective sergeants. There is no proof in the record that it was such a badge. In explanation of his possession of this gilt badge, the relator told the officer that he picked it up a few minutes before in one of the subway stations, and, inasmuch as the office to which he should report the finding thereof had closed for the day, he had not made any effort to report or deliver it, but would do so the first thing in the morning. This was substantially the only evidence against the relator. Sworn in his own behalf, he testified under oath that he had found the badge under the circumstances which have just been related. He also testified that he obtained admission to the subway station platform by means of his patrolman's shield, and that he always rode on it. At the close of the relator's testimony the following proceedings were had: Being examined by the deputy commissioner, he was asked:

"Q. Why didn't you show it to the sergeant and the other officer? A. I did. Deputy Commissioner: Did you see it? Roundsman Burns: Yes, sir. Deputy Commissioner: From what pocket did he take it, do you know? Roundsman Burns: No, sir; I could not tell you that. Deputy Commissioner: I do not believe your story at all. You have lied, and I shall rec-

ommend your dismissal from the force. Defendant: I have not lied. I am telling you the exact truth."

The record is barren of any proof of a conscious and voluntary violation of the rules. In the absence of such proof the relator should not have been removed. People ex rel. Tighe v. McAdoo, 121 App. Div. 178, 105 N. Y. Supp. 599; People ex rel. Hogan v. French, 119 N. Y. 493, 23 N. E. 1058. The trial of members of the police force on charges made against them should not be conducted as a mere matter of form. The object is to ascertain the truth of the charges by proceedings conducted in a manner recognized by the law and upon legal proof of the acts charged.

The proof in this case was clearly insufficient, and the determination under review must be annulled, with costs. All concur; MILLER, J., on the ground that there was no evidence that the relator gained entrance to the platform by exhibition of the gilt shield.